Turley, J.
delivered the opinion of the court.
The question for the consideration of the court in this case, arises out of the construction of the will of Thomas Richardson deceased, the fourth clause of which, is in the words following: “I give my dearly beloved wife, Jane Richardson, *291 all and singular, my personal property, credits, household mture, my stock of all kinds, by her fully and freely to be disposed of and enjoyed during her natural life or widowhood.” The fifth clause is in the words following: “At her death or marriage, if there shall be any property left, Jenny, Huldah; Frances and Lovey, shall have each of them a feather bed and ten dollars, and if there shall be as much, my six daughters shall have forty dollars each, before there is a general division; but after they have gotten forty dollars each, if theré should'be any thing left, that shall be divided equally among all my children.” Did the testator intend by this will to vest in his wife an estate for life only, or did he intend that she should have the power during her life time to sell and dispose of the same, and if any should be undisposed of at her death, that the same should descend to those further provided for in his will ?
That his intention was to give his wife an unrestricted right to. dispose of and use the property in any way she might think proper, untrammeled by the claims of others, is, we think, evident. The words “and to be freely disposed of and enjoyed,” certainly can mean nothing less than that she may exercise her own judgment as to the most effectual mode of making the property useful to herself. If she think proper to keep it and live upon the income arising from it, she may do so; if she think proper to sell and spend it, she may likewise do so; and that the testator anticipated that the latter course might be pursued, is evident from the fact of his only disposing of what might be left of the legacy after the death of his wife. The legacy was a valuable one, and yet when he comes to make provision for any unexpended remainder he says, “if there shall be any property left,” three of his daughters are to have a feather bed each, and ten dollars in money, and if there shall be as much, his six daughters shall have forty dollars each, then if there be any thing left it shall be equally divided, &c. Now if he had not intended to give his wife an absolute interest in the property, with unlimited power of disposal, he could have had no doubt as to the amount which would have been left at her death, but he supposed that she might not spend it all, and thought he could provide by his will for the dispo *292 sal of the remainder. That a gift or devise of personal property for life, with an unlimited power of disposal, conveys an absolute right thereto, cannot now be disputed. The question has been elaborately investigated by this court in the case of John Smith T. vs. Robert Bell and Wife, Mar. & Yer. Rep. 302, and in the case of David and others vs. Bridgeman and others, 2 Yer. 658, and so decided — further^investigation would be useless. We therefore think that the complainant has no interest whatever in the property sued for, and reverse the decree of the chancellor and dismiss the bill.
Decree reversed.